IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.   No. CR 08-1545 JB

JASON MOONEY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Order Denying Motion to Modify Conditions of Detention, filed July 13, 2009 (Doc. 56). The Court held a hearing on July 20, 2009. The primary issue is whether the Court can fashion a condition, or a combination of conditions, that will ensure Defendant Jason Mooney's presence at court proceedings and will mitigate to acceptable levels Mooney's danger to the community. For the reasons stated at the hearing, for further reasons consistent with those already stated, and because the Court does not believe that it can fashion conditions that will reduce Mooney's risk of nonappearance and of danger to the community to acceptable levels, the Court will deny Mooney's appeal.

## FACTUAL BACKGROUND

Mooney represents that, before his arrest on the charges in this case, he maintained regular employment and provided support to his children. He also asserts that he is competent to take care of himself and respects others in personal areas of life. The bail report the United States Probation Office has prepared indicates that Mooney has been convicted of numerous crimes, including convictions for battery and aggravated battery of a house member. The report also states that

Mooney has been charged with disobeying court orders and with resisting/evading/obstructing an officer, and has failed to appear on two occasions in traffic-related matters.

## PROCEDURAL BACKGROUND

Mooney has been in custody for more than a year on sexual-assault charges. The primary cause for the delay in going to trial has been the question whether Mooney is competent to assist in his defense. A competency hearing was set for August 13, 2009 at the time of this appeal, but has since been reset for October 14, 2009 at Mooney's request.

On May 27, 2009, Mooney asked that he be released from pretrial custody, and allowed to reside on electronic monitoring in Gallup, New Mexico or at a halfway house. See Motion to Modify Conditions of Detention ¶ 12, at 2 (Doc. 53). On June 29, 2009, the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge for the District of New Mexico, denied Mooney's motion to modify his conditions of detention. Chief Judge Garcia determined that nothing had changed since the earlier finding that Mooney should be held in custody pending trial, and further found that La Pasada Halfway House would not accept Mooney because of his outstanding competency issues and that having Mooney reside with someone with minor children was inappropriate given the nature of the charges against Mooney. See Order Denying Request to Modify Conditions of Detention at 2, entered June 29, 2009 (Doc. 55).

Mooney now appeals. He cites his previous employment, his ability to take care of himself and to respect others, and contends that he is a good candidate for a halfway house. See Motion ¶¶ 4-6, at 1-2. He requests that "he be placed at a halfway house with additional conditions as determined by the halfway house and pre-trial services." Id. at 2.

## ANALYSIS

At the hearing, the Court indicated that the problem with Mooney's request was that, though

he now limited his request to release to a halfway house, no halfway houses would take him. See Transcript of Hearing at 13:7-11 (Court)(taken July 20, 2009).[1]  John F. Samore, Mooney's counsel, indicated that there was one halfway house he had not talked to personally but that he accepted the Probation Office's representation that this house would also not accept Mooney. See id. at 13:23-14:6 (Court & Samore).  Mr. Samore indicated that one of the primary reasons he filed the request was because of uncertainty surrounding the reasons for detention, but that, after talking with the United States and the Probation Office, he conceded the merit of their position that Mooney should remain in custody.  See id. at 16:3-25 (Samore).  Despite the concession, Mr. Samore stated that he did not wish to withdraw the motion and would like the Court to rule on the motion.  See id. at 17:2-10.

As stated at the hearing, the Court will deny Mooney's motion without prejudice to him renewing his motion after the Court rules on the competency issues.  Until those issues are resolved, it appears that halfway houses will not accept Mooney.  And release to the third-party custody of his girlfriend is not a viable option given that minor children are living with Mooney's girlfriend and that Mooney is currently charged with sexual abusing minors.  These facts make it difficult, as a practical matter, to easily, if at all, fashion appropriate conditions of release for Mooney.

Moreover, there are significant other grounds for detention here.  Section 3142(e)(3)(E) of Title 18 establishes a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if . . . there is probable cause to believe that the person committed" any of several offenses, including "an offense involving a minor victim under section . . . 2241" of Title 18.  18 U.S.C. § 3142(e) and

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

3142(e)(3)(E). Mooney falls within the scope of this presumption. Beyond the presumption, however, there are specific factors indicating that the Court cannot fashion appropriate conditions of release. Mooney has a long criminal history, with arrests and/or convictions almost every year for the past seven years. A number of Mooney's convictions are for violent offenses. The nature of the charges here, his lengthy criminal record, and his history of substance-abuse problems all indicate that he poses a danger to the community. In addition, there are significant signs that Mooney presents a risk of non-appearance given his previous instances of non-appearance and his past charges for disobeying court orders. Combined with the difficulty of finding a suitable place to release Mooney, these factors all lead the Court to conclude that "no condition or combination of conditions will reasonably assure the appearance of [Mooney] as required and the safety of any other person and the community." Id. § 3142(e)(1).

**IT IS ORDERED** that the Appeal of Order Denying Motion to Modify Conditions of Detention is denied without prejudice to Defendant Jason Mooney renewing his request once the Court has resolved the outstanding competency issues.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Lynn Wei-Yu Wang
   Assistant United States Attorney
District of New Mexico
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

John F. Samore
Albuquerque, New Mexico

> *Attorney for the Defendant*