IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                    No. CR 08-1545 JB

JASON MOONEY,

       Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on a competency hearing held on March 8, 2013. The primary issue is whether Defendant Jason Mooney is mentally competent to stand trial. The Court finds that Mooney understands the nature and consequences of the proceedings against him and that he will be able to assist in his defense, and the Court, therefore, finds Mooney mentally competent to stand trial.

## FACTUAL BACKGROUND

On July 8, 2008, a grand jury indicted Mooney on eight counts of criminal sexual abuse. The grand jury charged Mooney with eleven instances of sexual abuse between July 1, 2003, and July 31, 2004. The grand jury charged Mooney with sexually abusing Jane Doe, who had attained twelve years of age but had not yet attained sixteen years, and was at least four years younger than Mooney. See Indictment at 1-2, filed July 8, 2008 (Doc. 16). Mooney was married

---

[1] In its Sealed Memorandum Opinion and Order, filed July 18, 2013 (Doc. 129)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

to Jane Doe's biological mother at the time of the alleged abuse, but he is not Jane Doe's biological father.  See Complaint at 3, filed June 12, 2008 (Doc. 1).   While detained pretrial, on July 21, 2008, Mooney "mutilated himself or attempted suicide with a blade," and was placed under constant observation for seven days.  Sealed Unopposed Motion for Temporary Transfer and Competency Evaluation ¶ 4, at 1, filed August 6, 2008 (Doc. 25)("1st Competency Motion").

## PROCEDURAL BACKGROUND

On August 6, 2008, Mooney requested an evaluation of his competency in light of his recent attempt to commit suicide during pretrial detention.  See 1st Competency Motion ¶¶ 4-6, at 1-2.  The Honorable William P. Johnson, United States District Judge for the District of New Mexico, ordered an evaluation of Mooney's competency on August 7, 2008.  See Agreed Sealed Order for Temporary Transfer and Competency Evaluation at 1-2, filed August 7, 2008 (Doc. 26).  On December 2, 2008, Judge Johnson received an evaluation from the Federal Medical Center in Butner, North Carolina ("FMC Butner"), which stated that Mooney was "not suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings filed against him, or properly assist an attorney in his own defense."  Report from A.F. Beeler to Judge Johnson, re: Mooney, Jason at 2, dated October, 27, 2008, filed December 1, 2008 (Doc. 31).

The case was reassigned to the Court on January 26, 2009, before Judge Johnson entered an order on Mooney's competency.  See Minute Order, filed January 26, 2009 (Doc. 41).  On March 2, 2010, Plaintiff United States of America moved the Court for an updated competency evaluation from FMC Butner, because of the length of time which had passed since Mooney's previous evaluation.  See United States' Unopposed Motion for Updated Competency Evaluation

Pursuant to 18 U.S.C. § 4241(b), filed March 2, 2010 (Doc. 77). The Court ordered an updated evaluation of Mooney's competency on May 4, 2010. <u>See</u> Order of Commitment for Updated Competency Evaluation, filed May 4, 2010 (Doc. 91).

On February 28, 2011, FMC Butner reported that Mooney is "suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense." Letter from Sara N. Revell to Judge Browning (February 23, 2011) at 2, filed February 23, 2011 (Doc. 98). On July 8, 2011, the Court authorized FMC Butner to continue to treat Mooney so as to establish his competency. <u>See</u> Agreed Order to Authorize 18 USC §4241(d) Order, filed July 8, 2011 (Doc. 100). On August 24, 2011, FMC Butner notified the Court and the parties that, "[i]n the opinion of his evaluators, Mr. Mooney is now competent to stand trial." Letter from Sara M. Revell to Judge Browning re: Mooney, Jason (August 24, 2011) at 2, filed August 24, 2011 (Doc. 102). <u>See</u> Forensic Evaluation, Mental Health Department, Federal Medical Center Butner, North Carolina re: Mooney, Jason (August 25, 2011), filed August 24, 2011 (Doc. 102)("Aug. 24, 2011 Butner Report").

On February 5, 2013, the Court held a competency hearing. At the hearing, the parties informed the Court that Mooney's medication had been reduced from the dosage prescribed at FMC Butner, and Mooney's competency was no longer certain. The Court rescheduled the competency hearing to allow the parties time to resolve the issues with Mooney's medication. <u>See</u> Sealed Clerk's Minutes at 1-3, filed February 5, 2013 (Doc. 117).

The Court held a competency hearing on March 8, 2013. <u>See</u> Transcript of Hearing (taken March 8, 2013)("Tr.").[2] Mooney informed the Court that his medication has been

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

- 3 -

adjusted and that he is "doing much better." Tr. at 2:14-19 (Samore). Mooney stated that he does not always receive his medication on a daily basis, but that he does receive his medication regularly. See Tr. at 2:19-23 (Samore). Mooney stated that he feels ready to proceed in this matter. See Tr. at 2:24-25 (Samore). Mooney stated that he agrees that the Court may use the Aug. 24, 2011 Butner Report to find him competent to stand trial. See Tr. at 3:1-6 (Court, Samore). Counsel for Mooney, John F. Moon Samore, stated that, in his opinion, Mooney is "at this time . . . competent to proceed." Tr. at 3:8-9 (Samore). The United States stipulated that Mooney is now competent to proceed to trial. See Tr. at 3:13-24 (Wishard).

The Court stated that, on the basis of the Aug. 24, 2011 Butner Report, it finds that Mooney is competent to stand trial and able to assist in his defense to the charges which the United States has brought against him. See Tr. at 4:25-5:8 (Court).

## LAW REGARDING A DEFENDANT'S COMPETENCY FOR TRIAL

"[T]he criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)(quoting Medina v. California, 505 U.S. 437, 453 (1992)(plurality)). See Redden v. Calbone, 223 F. App'x 825, 830 (10th Cir. 2007)(unpublished)[3]("It is well-settled that the criminal trial of an incompetent defendant violates due process."). "[T]he criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. at 354 (quoting Medina v. California, 505 U.S. at 453). "This

---

[3] Redden v. Calbone is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Redden v. Calbone has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

'prohibition is fundamental to an adversary system of justice.'" McGregor v. Gibson, 248 F.3d 946, 951 (10th Cir. 2001)(quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)).  The Supreme Court of the United States has thus observed that "[t]he Federal Government and all 50 States have adopted procedures that address the issue of a defendant's competence to stand trial." Medina v. California, 505 U.S. at 447 (plurality)(citing 18 U.S.C. § 4241).  Under 18 U.S.C. § 4241, a defendant or the government may file a motion for a competency hearing at any time after the beginning of prosecutorial proceedings, but before sentencing.  See 18 U.S.C. § 4241(a).  Once such a motion has been filed, the court "shall" grant the motion

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (emphasis added).  To assist the Court at the hearing, the court may order that a psychiatric or psychological evaluation of the defendant be conducted and that a report be filed with the court before the hearing.  See 18 U.S.C. § 4241(b).  The Tenth Circuit has discussed that the level of competency to stand trial is not great, and that the court must analyze "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him.'" McGregor v. Gibson, 248 F.3d at 952(quoting Dusky v. United States, 362 U.S. 402, 402 (1960)(per curiam)).

"In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings.'" Medina v. California, 505 U.S. at 448 (plurality)(quoting Pate v. Robinson, 383 U.S. 375, 388 (1966)(Harlan, J., dissenting)).  If the court finds the defendant incompetent to stand trial, "the court must order the defendant hospitalized for a reasonable period of time . . . for the purpose of determining whether there is a 'substantial

probability' that the defendant will become competent in the foreseeable future." <u>United States v. Deters</u>, 143 F.3d at 580.  To prove incompetency to stand trial, the defendant must prove incompetency by a preponderance of the evidence.  See <u>Allen v. Mullin</u>, 368 F.3d 1220, 1239 (10th Cir. 2004)("A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.").  "[D]ue process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him." <u>Medina v. California</u>, 505 U.S. at 448 (citing <u>Dusky v. United States</u>).  Because a finding of incompetence is a factual finding by the district court, the Tenth Circuit will review the finding under a clearly erroneous standard.  See <u>United States v. Branham</u>, 97 F.3d 835, 855 (6th Cir. 1996)("Because a district court's determination of competency is a factual finding we apply a clearly erroneous standard of review."); <u>United States v. Raymer</u>, 941 F.2d 1031, 1039 (10th Cir. 1991)("[W]e review a district court's factual findings under the clearly erroneous standard; our review of the legal principles which guide the district court is *de novo*.").

## ANALYSIS

Mooney is competent to stand trial.  The Court has reviewed the Aug. 24, 2011 Butner Report, and determines that Mooney comprehends the proceedings in this matter, and that he is capable of communicating with his attorney and assisting in his own defense.  The Court determines, therefore, that a preponderance of the evidence establishes that Mooney is competent to proceed to trial.

In October, 2008, Mooney was initially diagnosed with major depression, alcohol dependence, and dementia because of head trauma. See Aug. 24, 2011 Butner Report and 5-6.[4] Dr. Bryon Herbel at FMC Butner determined that, as of February, 2011, Mooney's condition had worsened to the point that he was cognitively impaired and no longer competent to stand trial. Mooney was treated for four months to establish his competency. See Aug. 24, 2011 Butner Report at 6. Dr. Herbel reports that Mooney has been stable from the time he began receiving treatment for depression in February, 2011. See Aug. 24, 2011 Butner Report at 9. Dr. Herbel reports, nonetheless, that Mooney's "competency status is fairly fragile and vulnerable to marked worsening of cognitive impairment if depressive symptoms emerge." Aug. 24, 2011 Butner Report at 10. Dr. Herbel reports that Mooney has "good general intellectual ability." Aug. 24, 2011 Butner Report at 19. Dr. Herbel states that Mooney has the ability to discuss a hypothetical criminal situation and understands the basics of a criminal courtroom proceedings as well as the various parties normally involved. See Aug. 24, 2011 Butner Report at 19. Dr. Herbel reports, however, that Mooney's competency may diminish if his depression worsens and if he does not receive medication, and he appears to have amnesia regarding the offense. See Aug. 24, 2011 Butner Report at 19-20, 23. Dr. Herbel also reports that: (i) Mooney understands that Mr. Samore works on his behalf; (ii) Mooney is able to communicate with Mr. Samore; (iii) Mooney appears capable of handling the stress of a trial situation and of testifying if necessary; and (iv) Mooney understands that he is accused of a crime, that the Court will determine his guilt or innocence, that trial may result in a punishment, and that he has the option of pleading to the charges. See Aug. 24, 2011 Butner Report at 20-22. Dr. Herbal also reports that Mooney does not suffer from delusional beliefs and that he is motivated to work with Mr. Samore. See Aug.

---

[4] The Court's citations to the Aug. 24, 2011 Butner Report refer to the page numbers when the Aug. 24, 2011 Butner Report was filed with the Court's CM/ECF system, located in the upper-right-hand corner of the document.

24, 2011 Butner Report at 22-23. Dr. Herbal reports that, based on these findings, his opinion is that Mooney "does not suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." Aug. 24, 2011 Butner Report at 23.

Based upon the findings in the Aug. 24, 2011 Butner Report, the Court determines that Mooney is competent to stand trial. "In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings.'" Medina v. California, 505 U.S. at 448 (plurality)(quoting Pate v. Robinson, 383 U.S. 375, 388 (1966)(Harlan, J., dissenting)). Counsel for both parties stipulated that Mooney is competent to stand trial, see Tr. at 3:6-9 (Samore); id. at 3:23-24 (Wishard), and the Aug. 24, 2011 Butner Report demonstrates that Mooney understands the nature of the proceedings against him, and is willing and able to assist in his own defense. The Court, accordingly, finds Mooney competent to stand trial.

**IT IS ORDERED** that, pursuant to 18 U.S.C. § 4241(b), the Court finds the Defendant Jason Mooney competent to stand trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzalez
  United States Attorney
Jacob Wishard
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

John F. Samore
Albuquerque, New Mexico

     *Attorney for the Defendant*